**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2217-20

ISA ABDUL-BAATIN,

    Plaintiff-Respondent,

v.

LG CHEM AMERICA, INC.,
GOOD GUYS VAPES, LG
CHEM MICHIGAN, INC., and
MEDUSA DISTRIBUTION,

    Defendants-Respondents,

and

LG CHEM, LTD.,

    Defendant-Appellant.

_____

Argued October 6, 2021 – Decided November 12, 2021

Before Judges Fuentes, Gilson and Gooden Brown.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7488-19.

James M. Strauss argued the cause for appellant (Lewis Brisbois Bisgaard & Smith, LLP, attorneys; James S. Rehberger, of counsel and on the briefs; Eric M. Gonzalez, on the briefs).

Harris I. Yegelwel (Morgan & Morgan LLP) of the Florida bar, admitted pro hac vice, argued the cause for respondent Isa Abdul-Baatin (Morgan & Morgan LLP, attorneys; Ryan D. Hurd, of counsel and on the brief).

PER CURIAM

By leave granted, defendant LG Chem, Ltd. (LG Chem), a South Korean company headquartered in Seoul, South Korea, appeals from a November 16, 2020 Law Division order denying its motion for reconsideration of a September 25, 2020 order. The September 25 order denied LG Chem's motion to dismiss plaintiff Isa Abdul-Baatin's product liability complaint, N.J.S.A. 2A:58C-1 to -11, for insufficient service of process and lack of personal jurisdiction. We reverse and remand for further proceedings.

Plaintiff, a Newark, New Jersey, resident, filed a complaint against LG Chem and others alleging he was seriously and permanently injured on April 30, 2018, when an "LG MJ1" 18650 lithium-ion battery manufactured by LG Chem and purchased from defendant Good Guys Vapes in Clifton, New Jersey, for use in his vaping device spontaneously exploded in his pocket. Plaintiff attempted to serve process on LG Chem through two of its United States-based

subsidiaries, LG Chem America, Inc. (LGCAI) and LG Chem Michigan, Inc. (LGCMI).  However, the purported agents of both subsidiaries refused to accept service of process on behalf of LG Chem.

On April 22, 2020, LG Chem moved to dismiss for insufficient service of process and lack of personal jurisdiction pursuant to Rule 4:6-2.  In support, LG Chem submitted certifications by the purported agents of the subsidiaries, confirming they were not authorized to accept service for LG Chem. Additionally, LG Chem submitted a certification by Joon Young Shin, an "authorized representative" of LG Chem, averring that "LG Chem is not registered to do business in New Jersey," "does not have an office in New Jersey," "does not have any employees who work in New Jersey," "does not have a registered agent for service of process in New Jersey," and "does not own or lease any real property in New Jersey."

Further, Shin certified LG Chem "does not design, manufacture, distribute, advertise, or sell 18650 lithium-ion cells for use by individual consumers as standalone . . . batteries in electronic cigarette or vaping devices." Shin also certified LG Chem "has never authorized any manufacturer, wholesaler, distributor, retailer, or re-seller to distribute, advertise, or sell LG Chem's lithium-ion cells directly to consumers as standalone batteries."

Additionally, Shin certified "LGCAI is wholly owned by [LGCMI], a Delaware corporation with its principal place of business in . . . Michigan" and "a wholly-owned subsidiary of LG Chem." However, according to Shin, "LG Chem, LGCAI and LGCMI are all separate legal entities," with "their own corporate offices," "corporate officers," and "independent corporate existences." Moreover, Shin averred "LG Chem does not pay any of LGCAI or LGCMI's employees or expenses" or "manage the day-to-day activities of LGCMI or LGCAI."

Plaintiff opposed the motion, asserting the court had personal jurisdiction over LG Chem because LGCAI was 100% owned and controlled by LG Chem, was the alter ego of LG Chem, and operated in New Jersey.[1] In support, plaintiff produced a webpage downloaded from the "Internet Archive Wayback Machine" listing LGCAI's address on LG Chem's website as of November 15, 2016, as "920 Sylvan Ave., Englewood Cliffs, NJ." Plaintiff also submitted excerpts from LG Chem's 2012 and 2015 annual reports noting that LGCAI was a wholly owned subsidiary of LG Chem, and provided numerous documents filed in

---

[1] See Pfundstein v. Omnicom Grp. Inc., 285 N.J. Super. 245, 252 (App. Div. 1995) ("It is well-established that the forum contacts of a subsidiary corporation will not be imputed to a parent corporation for jurisdictional purposes without a showing of something more than mere ownership.").

unrelated cases to dispute LG Chem's claims. Plaintiff asserted he established probable cause to defeat LG Chem's motion or, alternatively, sufficient contested facts to warrant jurisdictional discovery. In reply, LG Chem provided orders entered in several other unrelated cases granting its motion to dismiss for lack of personal jurisdiction. In a sur-reply, plaintiff countered with an order entered in an unrelated case by the same judge adjudicating this motion, in which the judge denied a similar motion filed by LGCAI.[2]

On September 25, 2020, the judge denied the motion, stating:

> Defendant's motion to [d]ismiss is [denied] as there are sufficient contacts with New Jersey to assert jurisdiction over LG Chem, Ltd.; [a]t the time of this incident the corporate offices were listed on [d]efendant's [website] as Englewood Cliffs, NJ; therefore, it does not offend traditional concepts of [d]ue [p]rocess to assert jurisdiction over this [d]efendant; [a]lso as this motion asserts additional facts outside of the pleadings, and reasonable inferences being raised against the movant, there appear to be substantial issues of operative fact that would preclude granting this motion to dismiss/motion for summary judgment. [See Rules] 4:6-2 and 4:46-1, et seq.

---

[2] The case, Reid v. LG Chem Am., Inc., No. ESX-L-6987-18 (Law Div. filed Oct. 2, 2018), involved LGCAI, LG Chem, and a different plaintiff. We note that none of the unrelated cases cited by either party has any precedential value. See R. 1:36-3.

LG Chem moved in the trial court for reconsideration, which the judge denied on November 16, 2020. On January 4, 2021, we denied LG Chem's motion for leave to appeal. However, by order filed on April 9, 2021, our Supreme Court granted LG Chem's motion for leave to appeal and "summarily remanded to the . . . Appellate Division, without limitation on the appellate court's ability to remand the matter to the trial court for additional discovery on the issue of jurisdiction, if it so deems."

In this ensuing appeal, LG Chem argues the judge erred in denying its motion to dismiss for insufficient service of process because plaintiff did not effect service in conformity with the requirements of the Hague Service Convention, to which the United States and the Republic of Korea are both parties. See Water Splash, Inc. v. Menon, 581 U.S. ___, 137 S. Ct. 1504, 1508 (2017) ("[T]he Hague Service Convention . . . 'requires each state to establish a central authority to receive requests for service of documents from other countries.' When a central authority receives an appropriate request, it must serve the documents or arrange for their service . . . ." (citation omitted) (quoting Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698 (1988))).

Further, LG Chem argues the judge erred in denying its motion to dismiss for lack of personal jurisdiction because "[p]laintiff did not . . . carry his burden

of demonstrating that the exercise of general or specific jurisdiction over LG Chem would comport with due process." Specifically, LG Chem asserts "New Jersey is not LG Chem's place of incorporation or its principal place of business," and the judge's conclusion to the contrary "based on inadmissible hearsay in [p]laintiff's unauthenticated Wayback Machine screenshot . . . showing an address for a legally distinct entity seventeen months before [p]laintiff's alleged injury" is erroneous. Additionally, LG Chem argues it "submitted admissible evidence that disproves it served a market in New Jersey for standalone consumer batteries," or authorized any entity to do so on its behalf, and therefore "lack[ed] the minimum contacts with New Jersey necessary to satisfy due process."

"A defendant may move to dismiss a complaint on the ground of 'lack of jurisdiction over the person.'" Rippon v. Smigel, 449 N.J. Super. 344, 358 (App. Div. 2017) (quoting R. 4:6-2(b)). The question of in personam jurisdiction "is 'a mixed question of law and fact' that must be resolved at the outset, 'before the matter may proceed.'" Id. at 359 (quoting Citibank, N.A. v. Est. of Simpson, 290 N.J. Super. 519, 532 (App. Div. 1996)). "When a defendant has maintained continuous and systematic activities in the forum state, the defendant is subject to the state's 'general' jurisdiction on any matter, irrespective of its relation to

the state." Id. at 358-59 (quoting Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989)). "However, when the cause of action arises directly out of a defendant's contacts with the forum state, the state may exercise 'specific' jurisdiction over a defendant who has 'minimum contacts' with the state." Id. at 359 (quoting Lebel, 115 N.J. at 322). Here, plaintiff concedes defendant is not subject to general jurisdiction but asserts New Jersey may exercise specific jurisdiction over LG Chem.

"The plaintiff 'bears the burden of proof on the question of the adequacy of the . . . defendants' contacts to sustain an exercise of specific jurisdiction.'" Id. at 360 (alteration in original) (quoting Citibank, 290 N.J. Super. at 533). But "[a] court should only expect a prima facie showing of sufficient contacts '[i]n the early stages of a proceeding.'" Ibid. (second alteration in original) (quoting Jacobs v. Walt Disney World Co., 309 N.J. Super. 443, 454 (1998)). Nonetheless, "[a] conclusion of specific jurisdiction requires that the 'purposeful acts by the [defendant] directed toward this State' be of a kind that 'make[s] it reasonable for the [defendant] to anticipate being haled into court here.'" Id. at 360-61 (second, third, and fourth alterations in original) (quoting Mastondrea v. Occidental Hotels Mgmt. S.A., 391 N.J. Super. 261, 268 (App. Div. 2007)).

Pertinent to this appeal, when "[p]resented with a motion to dismiss on the basis of lack of jurisdiction, a trial court must make findings of the 'jurisdictional facts,' because disputed 'jurisdictional allegations cannot be accepted on their face.'" Id. at 359 (quoting Citibank, 290 N.J. Super. at 531-32). "If the pleadings and certifications submitted to the trial court do not permit resolution of the jurisdictional question, the trial court must conduct a 'preliminary evidential hearing after affording the parties an appropriate opportunity for discovery.'" Ibid. (quoting Citibank, 290 N.J. Super. at 532). "Generally, the record must support the existence of disputed or conflicting facts to warrant jurisdictional discovery." Ibid.

Applying these principles, we are convinced the record was not sufficiently developed for the judge to conclude, as he did, that LG Chem was subject to New Jersey's jurisdiction. LG Chem alleged several facts that, if undisputed or established, might well support its claim that New Jersey lacked personal jurisdiction. However, plaintiff disputed LG Chem's facts and their import in his submissions opposing the motion. Without affording jurisdictional discovery or conducting an evidentiary hearing to resolve the disputed jurisdictional allegations, the judge applied the summary judgment standard and viewed the facts and the reasonable inferences in the light most favorable to

plaintiff, the non-moving party. See R. 4:46-2. "This was error. The jurisdictional facts had to be found in order for the jurisdictional decision to be made and hence defendant's right to proceed determined." Citibank, 290 N.J. Super. at 531. Accordingly, we reverse and remand for jurisdictional discovery followed by an evidentiary hearing, after which the judge shall make findings of jurisdictional facts to support his decision and properly adjudicate the motion.[3]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] In light of our decision, we need not address LG Chem's argument regarding service of process because "unless the underlying predicate of long-arm jurisdiction, adequate contact with the State, exists," service of process will not confer personal jurisdiction over defendant in this matter. Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:4-4 (2021).